UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW SCADDEN,

                    Plaintiff,                     Case No. 15-10375

v.                                                 SENIOR U.S. DISTRICT JUDGE
                                                   ARTHUR J. TARNOW

TODD WERNER, ET AL.,

                    Defendants.                    U.S. MAGISTRATE JUDGE
                                                   MONA K. MAJZOUB

_____/


**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL AND/OR SUMMARY
JUDGMENT [22]**


On November 4, 2015, Defendants filed the instant Motion for Dismissal

and/or Summary Judgment [Dkt. #22]. The next day, the Court issued an Order

Granting Plaintiff Leave to File an Amended Complaint [23]. Plaintiff declined to

do so and instead filed a Response [24] on November 19, 2015. The Court

scheduled a hearing on the motion for April 22, 2016. Plaintiff's counsel did not

arrive for the hearing at the scheduled time, and he had not arrived when, roughly

thirty minutes later, Defendants' counsel asked for an adjournment. The Court

adjourned the hearing. The Court now finds the motion suitable for determination

without a hearing in accord with Local Rule 7.1(f)(2).

For the reasons stated below, Defendants' Motion for Dismissal and/or Summary Judgment [22] is **GRANTED**.

### FACTUAL BACKGROUND

According to Plaintiff's complaint, on January 29, 2013, Plaintiff "ordered his tenant Keith Fowler—now deceased—to leave his house as he had brought illicit drugs with him into the house." Plaintiff's fiancé, Hillary Daubert, "attempted to intervene." Mr. Fowler called the Warren police. Defendants arrived at Plaintiff's home in response to Mr. Fowler's call. Defendants broke down the door, entered with guns drawn, and commanded Plaintiff to "get the fuck on the ground." Plaintiff did not comply before one of the Defendants "charged at him with a flying kick." Plaintiff fell to the ground unconscious and sustained injuries including loss of teeth. Defendants took Plaintiff to jail, where he remained for thirty days.

On February 12, 2013, Plaintiff pled guilty in Macomb County Circuit Court to a charge of attempting to resist and obstruct the police, a charge of attempted possession of a controlled substance, and a domestic violence charge. Plaintiff explained during his plea hearing that he was pleading guilty to the following conduct: angrily grabbing his fiancé by her sweater during a fight or argument; possessing two doses of Vicodin in his pocket without a prescription; and failing to comply quickly enough with Defendants' order to hit the ground.

Plaintiff filed this suit on January 28, 2015.  On March 13, 2015, the Court issued a Scheduling Order [14] setting a discovery cut-off date of August 14, 2015. On June 17, 2015, Defendants filed a Motion to Compel Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production [16].  Plaintiff filed a Response [17] to the motion to compel on June 30, 2015.  On July 6, 2015, Defendants filed a Notice of Withdrawal [20] of their motion to compel, representing that Plaintiff had provided the requested discovery.  On August 6, 2015, the Court entered a Stipulated Revised Scheduling Order [21], moving the discovery cut-off date to October 14, 2015.  On November 4, 2015, Defendants filed the instant Motion for Dismissal and/or Summary Judgment [22].

## ANALYSIS

Defendants move, in the alternative, for dismissal under Federal Rule of Civil Procedure 12(b)(6) and for summary judgment under Rule 56.  On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law."  *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  On a Rule 56 motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

For the reasons that follow, the Court grants Defendants' motion.  The Court will address each of the six counts in Plaintiff's complaint in turn.

## I.   Excessive force

Count One is a claim for unspecified violations of the Fourth and Fourteenth Amendments, brought under 42 U.S.C. § 1983.  All parties treat the claim as a Fourth Amendment claim for a law enforcement officer's use of excessive force in the course of a seizure.  *See generally Graham v. Connor*, 490 U.S. 386, 395 (1989).  The question of whether force employed in a seizure is excessive "turns on the objective reasonableness of the officer's conduct under the circumstances."

*Miller v. Samilac County*, 606 F.3d 240, 253 (6th Cir. 2010) (citing *Graham*, 490 U.S. at 397). "The Supreme Court has provided three factors for courts to consider in evaluating an excessive force claim: the severity of the crime, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight." *Id.* (citing *Graham*, 490 U.S. at 396).

It is impossible to assess the reasonableness of Defendants' conduct under the circumstances because Plaintiff's complaint alleges very little about those circumstances and Plaintiff has produced no evidence concerning them. Plaintiff has also failed to identify which of the three Defendants is the one who kicked him, thus failing to "allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). In his Response, Plaintiff states that he "relies on discovery to discover the extent of each Defendant's participation." Inexplicably, Plaintiff fails to acknowledge that the discovery deadline set by the Court (and extended by the parties' stipulation) has passed. Plaintiff does not claim that he attempted to conduct discovery, let alone explain why such attempts did not yield the evidence he hopes to discover later. Nor does he move for a renewal of the discovery period.

The Court concludes that Plaintiff has failed to raise a genuine issue of material fact with respect to any individual defendant's use of excessive force. Defendants are granted summary judgment on the excessive force claim.

## II.    Assault and battery

Count Two includes claims for assault and battery under Michigan law.  A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Cameron*, 291 Mich. App. 599, 614 (Ct. App. Mich. 2011) (citing *People v. Starks*, 473 Mich. 227, 234 (Mich. 2005)).  An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id.* (citing *Starks*, 473 Mich. at 234).  "Thus, every battery necessarily includes an assault."  *Id.* (citing *Tinkler v. Richter*, 295 Mich. 396, 401 (Mich. 1940); *People v. Terry*, 217 Mich. App. 660, 663 (Ct. App. Mich. 1996)).

"When addressing a claim of assault and battery that allegedly occurred during the making of an arrest, discretion must be reposed in the law enforcement officer concerning the means necessary to apprehend the alleged offender and to keep him secure after the apprehension." *Norris v. Lincoln Park Police Officers*, 292 Mich. App. 574, 579 (Ct. App. Mich. 2011) (citing *Firestone v. Rice*, 71 Mich. 377, 384 (Mich. 1888)).  Thus, an officer is entitled to immunity under Michigan law for "the execution of an arrest" unless "the officer has utilized wanton or

malicious conduct or demonstrated a reckless indifference to the common dictates of humanity." *Id.* (quoting *Dickey v. Fluhart*, 146 Mich. App. 268, 276 (Ct. App. Mich. 1985)).  The officer's good faith is to be assessed subjectively.  *Id.* at 578 (citing *Odom v. Wayne Cnty.*, 482 Mich. 459, 481–82 (Mich. 2008)).

Although the alleged "flying kick" could easily constitute a battery, which would necessarily include an assault, Plaintiff has produced no evidence that the kick actually occurred.  Nor has he produced any evidence concerning the circumstances known to Defendants at the time of the arrest, precluding a reasoned conclusion that Defendants were not responding to those circumstances in good faith.  As explained above, the discovery period has closed and Plaintiff has not even attempted to explain his failure to produce evidence.  Thus, the Court concludes that Plaintiff has raised no genuine issue of material fact on either the merits of his assault and battery claims or on the question of Defendants' immunity to those claims.  Defendants are granted summary judgment on the claims for assault and battery.

## III.   Intentional infliction of emotional distress

Count Three is a claim for intentional infliction of emotional distress.  The Supreme Court of Michigan "has not dispositively addressed the establishment, and the contours, of the tort of intentional infliction of emotional distress (IIED)." *Melson ex rel. Melson v. Botas*, 497 Mich. 1037 (Mem.) (Mich. 2015) (Markman,

J., dissenting).  Nevertheless, the Michigan Court of Appeals recognizes the tort, requiring an IIED plaintiff to prove "(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Lucas v. Awaad*, 299 Mich. App. 345, 359 (Ct. App. Mich. 2013) (quoting *Dalley v. Dykema Gossett PLLC*, 287 Mich. App. 296, 321 (Ct. App. Mich. 2010)).

As explained above with respect to Plaintiff's claims for excessive force, assault, and battery, Plaintiff has provided no explanation for his failure to produce evidence concerning Defendants' actions and the context in which those actions were taken.  Plaintiff has therefore failed to raise a genuine issue of material fact concerning whether Defendants engaged in extreme and outrageous conduct. Defendants are granted summary judgment on the IIED claim.

## IV-V.        False arrest/imprisonment

Counts Four and Five are for false arrest and false imprisonment, respectively.  "To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 18 (Mich. Ct. App. 2003).  A police officer is entitled to governmental immunity if he made the arrest with an honest belief that he had probable cause. *Odom*, 482 Mich. at 481.

It is undisputed that Defendants arrested Plaintiff in response to a 911 call and that Plaintiff pled guilty to the charges arising from the arrest, suggesting that Defendants at least honestly believed that they had probable cause to arrest Plaintiff.  Plaintiff offers no evidence or even argument to the contrary. Defendants are therefore granted summary judgment on the false arrest/imprisonment claim.

## VI.  Malicious prosecution

Count Six is a claim for malicious prosecution under Michigan law.  Such a claim requires both "an absence of probable cause" and "evidence that the officer knowingly swore to false facts."  *Newman v. Township of Hamburg*, 773 F.3d 769, 773 (6th Cir. 2014) (citing *Matthews v. Blue Cross & Blue Shield of Mich.*, 572 N.W.2d 603, 609–610 (Mich. 1998); *Payton v. City of Detroit*, 536 N.W.2d 233, 242 (Mich. Ct. App. 1995)).  Plaintiff's guilty plea likely precludes him from arguing that there was no probable cause for his prosecution.  Regardless, Plaintiff has not even alleged that any Defendant knowingly swore to false facts.  The malicious prosecution claim is therefore dismissed for failure to state a claim upon which relief can be granted.

CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for Dismissal and/or Summary Judgment [22] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 5, 2016                    Senior United States District Judge